103 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Makis A. HAVADJIAS, Plaintiff-Appellant,
and
Haralambos Havadjias, Plaintiff,
v.
VANGUARD INSURANCE COMPANY, Defendant-Appellee.
Makis A. HAVADJIAS, Plaintiff,
and
Haralambos Havadjias, Plaintiff-Appellant,
v.
VANGUARD INSURANCE COMPANY, Defendant-Appellee.
Makis A. HAVADJIAS; Haralambos Havadjias, Plaintiffs-Appellants,
v.
VANGUARD INSURANCE COMPANY, Defendant-Appellee.
 Nos. 94-56451, 94-56461 and 94-56640.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 05, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In consolidated appeal No. 94-56451, Makis A. Havadjias appeals pro se the district court's summary judgment in favor of defendant Vanguard Insurance Company ("Vanguard") in an independent action to set aside a prior judgment brought by Makis and Haralambos Havadjias ("the Havadjiases"). In consolidated appeal No. 94-56461, Haralambos Havadjias appeals the district court's denial of their motion to withdraw admissions. In companion appeal No. 94-56640, the Havadjiases appeal the district court's award of attorney fees to Vanguard as a sanction for the Havadjiases action seeking to set aside the judgment entered against them in a previous action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm all appeals.
 
 
 3
 * Background
 
 
 4
 This action is related to prior litigation involving the same parties. Vanguard had issued a dwelling insurance policy on a property owned by the Havadjiases. As a result of an arson fire, the property was damaged. The Havadjiases made an insurance claim, and Vanguard paid the claim pursuant to a written reservation of rights which reserved the right to seek recoupment.
 
 A. Havadjias I
 
 5
 On April 22, 1985, Vanguard filed an action for declaratory judgment against the Havadjiases, seeking to determine whether it had an obligation to pay the claim and whether it was entitled to recoup monies already paid. The Havadjiases filed counterclaims for breach of contract, breach of the covenant of good faith and fair dealing, and abuse of process. The district court granted Vanguard's motion for a directed verdict on the Havadjiases' counterclaims. On the declaratory claim, the district court found that Vanguard was entitled to recoup some of its money plus interest and costs. The Havadjiases appealed the directed verdict. A divided panel of this court affirmed the ruling on the claim of breach of covenant of good faith and fair dealing, but reversed the ruling on the breach of contract claim, and remanded for trial. Vanguard Insurance Company v. Havadjia, No. 88-6063, unpublished memorandum disposition, (9th Cir. Sept. 28, 1989) ("Havadjias I"). On remand, the parties settled the breach of contract claim, and Vanguard agreed to pay the Havadjiases an additional sum of $25,000 in satisfaction of their breach of contract claim. The district court dismissed the action, but allowed the parties, upon good cause, to reopen the case within thirty days of October 16, 1990.
 
 B. Havadjias II
 
 6
 On April 20, 1992, the Havadjiases filed a diversity action against Vanguard alleging, among other things, malicious prosecution, fraud, intentional and negligent misrepresentation and intentional infliction of emotional distress. On July 13, 1993, the district court granted Vanguard's motion for summary judgment because the court determined that six of the Havadjiases' causes of action were barred by res judicata, and that the Havadjiases failed to state a claim for malicious prosecution.
 
 
 7
 Vanguard then sought $45,810.45 in sanctions, representing its uncompensated attorney's fees and expenses incurred in defending the litigation. After a hearing, the district court sanctioned the Havadjiases $25,000 for filing and prosecuting frivolous litigation and for pursuing frivolous discovery. A panel of this court affirmed the district court's imposition of sanctions. Havadjias v. Vanguard Insurance Company, No. 93-56693, unpublished memorandum disposition, (9th Cir. Jan. 25, 1995) ("Havadjias II").
 
 C. Havadjias III
 
 8
 On September 14, 1993, the Havadjiases filed this independent action seeking to set aside the judgment and settlement entered into in Havadjias I because Vanguard allegedly committed "fraud on the court" during that litigation. The Havadjiases alleged that they became aware of Vanguard's fraud when conducting discovery in Havadjias II. On June 30, 1994, the district court granted summary judgment in favor of Vanguard.
 
 
 9
 Vanguard then sought sanctions against the Havadjiases pursuant to Fed.R.Civ.P. 11. After a hearing, the district court granted the motion and imposed sanctions on the Havadjiases in the amount of $22,325.55. The Havadjiases timely appeal.
 
 II
 Rule 60(b)
 
 10
 Makis Havadjias contends that the district court erred by granting summary judgment in favor of Vanguard in this independent action pursuant to Fed.R.Civ.P. 60(b) in which the Havadjiases sought to set aside the judgment and settlement entered into in Havadjias I based upon Vanguard's alleged fraud on the court. This contention lacks merit.
 
 
 11
 We review de novo the district court's grant of summary judgment. See Gumport v. China Int'l Trust & Investment Co. (In re Intermagnetics America, Inc.), 926 F.2d 912, 915 (9th Cir.1991). Rule 60(b) provides that the court may entertain an independent action to set aside a judgment for fraud upon the court. Fed.R.Civ.P. 60(b). Fraud upon the court includes both: 1) an attempt to subvert the integrity of the court; and 2) fraud committed by an officer of the court. In re Intermagnetics, 926 F.2d at 916. Furthermore, "fraud on the court must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision." Abatti v. Commissioner, 859 F.2d 115, 118 (9th Cir.1988) (citation omitted).
 
 
 12
 Here, the Havadjiases alleged that Vanguard committed fraud by concealing relevant documents from the Havadjiases and making material misrepresentations to them. Specifically, the Havadjiases alleged that Vanguard withheld documents that would show that the house had value, such as one of the appraiser's reports, and statements by a former tenant. Furthermore, the Havadjiases alleged that Vanguard's expert witness, James Bearden, committed perjury when he testified that the house had no value. In addition, the Havadjiases alleged that Vanguard's attorney, Jack Staitman, assisted in suppressing the appraiser's report, and that he knowingly allowed false evidence to be submitted to the court.
 
 
 13
 First, despite their allegations, Makis Havadjias has not demonstrated that Vanguard engaged in an unconscionable scheme to defraud the court. See Abatti, 859 F.2d at 118 (denying Rule 60(b) relief where there was no indication of a fraudulent plan or scheme to improperly influence the court); cf. Pumphrey v. K.W. Thompson Tool Co., 62 F.3d 1128, 1132 (9th Cir.1995) (granting Rule 60(b) motion where there was evidence of an unconscionable scheme to defraud the court through false testimony and misleading documents), cert. denied, 116 S.Ct. 1042 (1996).
 
 
 14
 Second, Makis Havadjias has not shown that an officer of the court committed the alleged fraud. See In re Intermagnetics, 926 F.2d at 916. No matter what the allegations against James Bearden, his role as an expert witness does not make him an officer of the court. Cf. id. at 917 (finding that officers of a debtor-in-possession are officers of the court because of their fiduciary responsibilities). Moreover, although Vanguard's former attorney, Jack Staitman, would be considered an officer of the court, see Alexander v. Robertson, 882 F.2d 421, 424-25 (9th Cir.1989), Makis Havadjias failed to show that Staitman participated in the alleged fraud, cf. Pumphrey, 62 F.3d at 1132 (finding that Rule 60(b) was an appropriate sanction where the evidence showed that the attorney had personal knowledge regarding the false answers given by a material witness). Accordingly, we conclude that the district court did not err by finding that the Havadjiases' allegations of fraud did not justify the Rule 60(b) relief from its earlier judgment and order. See Abatti, 859 F.2d at 118-119. Thus, the district court properly granted summary judgment in favor of Vanguard.
 
 III
 Rule 11
 Sanctions
 
 15
 The Havadjiases contend the district court erred by awarding Vanguard attorney's fees as a sanction for the filing of this action pursuant to Fed.R.Civ.P. 11.
 
 
 16
 This court limits its review to those issues on appeal which were raised in appellant's opening brief and supported by argument. See Pierce v. Multnomah County, Or., 76 F.3d 1032, 1037 n. 3 (9th Cir.1996), petition for cert. filed, 65 U.S.L.W. (Jun. 24, 1996) (No. 95-2062); see also Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988) (holding that issues raised in appellate brief but not supported by argument are deemed abandoned).
 
 
 17
 Here, the Havadjiases failed to submit a brief in No. 94-56640, in which they appealed from the district court's order imposing sanctions. The Havadjiases did raise the issue of sanctions in the reply brief in appeal No. 94-56451/56461, however, they did not provide supporting argument. Because the Havadjiases have failed to raise this issue in an opening brief, we decline to consider the issue of Rule 11 sanctions. See Leer, 844 F.2d at 634; Miller v. Fairchild Indus., Inc., 797 F.2d 727, 738 (9th Cir.1986).
 
 IV
 Withdrawal of Admissions
 
 18
 Haralambos Havadjias appeals from the district court's order denying the Havadjiases' motion to withdraw admissions. In its order granting summary judgment for Vanguard, the court denied the Havadjiases' motion to withdraw admissions as moot because the admissions had no bearing on the court's determination that Vanguard was entitled to summary judgment.
 
 
 19
 Because the Havadjiases wholly failed to raise the issue involving the district court's denial of their motion to withdraw admissions, we decline to consider this issue on appeal. See Leer, 844 F.2d at 634; Miller, 797 F.2d at 738.
 
 
 20
 In sum, we affirm the district court's orders in all three cases.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the Havadjiases' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3